892 F.2d 75
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harold WILLIAMS, Plaintiff-Appellant,
and
Equal Employment Opportunity Commission, Plaintiff,
v.
MALLINCKRODT, INC., Defendant-Appellee.
 No. 87-2218.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 2, 1989.
Decided: Dec. 6, 1989.
 
 Norris Carlton Ramsey, for appellant.
 Patricia M. McFall (D. Michael Linihan, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, on brief), for appellee.
 Before CHAPMAN, Circuit Judge, BUTZNER, Senior Circuit Judge, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 The plaintiff/appellant, Harold Williams, appeals the district court's finding that the Equal Employment Opportunity Commission [EEOC] failed to establish a prima facie case under Title VII, and the alternate holding that the EEOC had failed to meet its burden of proof that his employer's nondiscriminatory reason for termination was pretextual. We affirm on the basis of the alternative holding.
 
 I.
 
 2
 The EEOC filed this action on December 6, 1985 under Title VII of the Civil Rights Act of 1964, alleging that Mallinckrodt, Inc. [Mallinckrodt] fired Williams in retaliation for his filing a charge of discrimination with the EEOC in 1979. Williams intervened as a plaintiff.
 
 
 3
 Mallinckrodt is a Missouri corporation which manufactures and distributes pharmaceuticals and other supplies to hospitals, medical centers and physicians. Williams, a 53-year-old black male, began employment with Mallinckrodt as a Diagnostic Salesman in December 1972. Williams was discharged from Mallinckrodt on July 2, 1981.
 
 
 4
 The district court made extensive findings of fact, spanning some thirty-three pages of the opinion. We find it unnecessary to repeat those findings at length, but hold that they are not clearly erroneous. A majority of the findings detail Williams' substandard employment history with Mallinckrodt, including frequent unfavorable evaluations of his sales performance and episodes of insubordination.
 
 
 5
 Williams also assigns error to the trial court's view of his credibility. Approximately one month after filing his EEOC charge of retaliatory termination, Williams filed a charge with the National Labor Relations Board, stating in an affidavit: "I do not think my discharge was a result of Company policy to discourage or retaliate against EEOC charges." Following his termination, Williams falsified his resume and submitted it to Mallinckrodt and to another former employer. At a deposition taken in preparation for this suit, Williams made several false statements regarding prior litigation. Based upon these facts, the district court found that Williams was an incredible witness and rejected a number of the EEOC's proposed findings of fact. Neither this finding nor other credibility issues decided by the district court are clearly erroneous.
 
 II.
 
 6
 Williams argues that the district court erred in dismissing his case for failure to establish a prima facie case. The district court unconditionally denied the defendant's motion under Rule 41(b) of the Federal Rules of Civil Procedure at the close of plaintiffs' case, without indicating that it would reconsider the motion. Under United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983), the district court erred in later granting the motion. "Where the defendant has done everything that would be required of him if the plaintiff had properly made out a prima facie case, whether the plaintiff really did so is no longer relevant." Id. at 715, 103 S.Ct. at 1482. Despite this apparent error, remand is unnecessary because the court alternatively ruled that the plaintiff had failed to meet its burden of showing that Mallinckrodt's proffered legitimate, non-discriminatory reason for discharging Williams was pretextual.
 
 III.
 
 7
 On appeal, Williams argues that the recent decision of Price Waterhouse v. Hopkins, --- U.S. ----, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), mandates remand. Price Waterhouse controls in cases where an employment decision involves a mixture of legitimate and illegitimate motives. Had the filing of the 1979 discrimination charge played a motivating part in the decision to terminate Williams, Mallinckrodt would have had to prove that it would have terminated Williams even if it had not taken into account the filing of the 1979 charge. However, in this case, the district court found that there was no direct evidence of retaliation, and that the sole basis for Williams' termination was the legitimate, articulated reason of his poor performance. Therefore, consistent with both Price Waterhouse and prior case law the plaintiff continued to bear the burden of persuasion that the employer's legitimate reason for terminating him was pretextual. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).
 
 
 8
 Williams claims that two pieces of evidence show that defendant had a retaliatory motive in terminating him. First, a supervisor wrote him in November 1979 that "filing a formal complaint through EEO ... does not reflect positively on you." However, the supervisor never threatened Williams with discharge for the charge filing, nor did anyone else at Mallinckrodt. The district court expressly found that the letter, when viewed in the context of the testimony at trial, did not exhibit discriminatory animus. That finding is not clearly erroneous. In the one year and eight months after this letter and before Williams' discharge, there was no evidence that the 1979 filing was mentioned again. However, there was overwhelming evidence of Williams' poor sales performance and insubordination.
 
 
 9
 Appellant also relies on comments made in 1979 by another supervisor, Inglese, that Williams was a "loudmouth" and "troublemaker," to prove pretext. Inglese also purportedly made a racial slur against Williams in 1979 or early 1980. This is evidence of personal animus and of racial prejudice by one supervisor. However, it is not evident that Mallinckrodt discharged Williams for anything but his poor performance. The trial court found that Inglese was not responsible for making the decision to terminate Williams. The timing of the discharge, long after the comments were made, coincided with Williams' failure to improve his sales performance within the time limits given to him. There was more than substantial evidence that Williams was given a number of opportunities to improve his sales performance, and that his failure to do so was the cause of his discharge. The district court's findings that Williams' prior charge of discrimination with the EEOC played no part in the defendant's decision to terminate his employment and that the reason given for his discharge was not pretextual are not clearly erroneous.
 
 
 10
 AFFIRMED.